UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARE FROM THE HEART IN HOME SERVICES, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>CREFASI ACCOUNTING SERVICES, LLC, et al.,<br><br>    Defendants. | Case No. 24-cv-06762-NW<br><br>**ORDER DENYING DEFENDANTS' MOTION TO TRANSFER**<br><br>Re: ECF No. 6 |

Defendant Crefasi Accounting Services, LLC ("CAS") and Defendant Jessie Crefasi (collectively, "Defendants") filed a motion to transfer this case to the United States District Court for the Middle District of Louisiana. ECF No. 6. The matter is fully briefed and suitable for decision without oral argument. *See* Civil L.R. 7-6. Defendants' motion is DENIED.

**I.    BACKGROUND**

Plaintiff Care from the Heart In-Home Services, Inc. ("Care from the Heart") is a California corporation with its principal place of business in Soquel, California. Decl. James L. Shea, Ex. A, ¶ 1, ECF No. 1-3 ("Compl.").[1] Care from the Heart is an in-home caregiving and nursing service. Decl. Jackie Tucker, ¶ 4, ECF No. 16-1 ("Tucker Decl."). Defendant CAS, a Louisiana limited liability company, is a bookkeeping and accounting service, with its principal place of business in Baton Rouge, Louisiana. Decl. of Jessi Crefasi, ¶¶ 2-4, ECF No. 6-1 ("Crefasi

---

[1] This case was removed from state court. The operative complaint was was provided to the Court as an attachment to the Declaration of James L. Shea in support of Defendants' Notice of Removal (ECF No. 1).

Decl."). Jessie Crefasi, a resident of Louisiana, is the sole member and manager of CAS. *Id*. Care from the Heart additionally sued ten unnamed Defendants that Plaintiff alleged to be "agents, employees, partners, joint ventures, or alter egos of" CAS and Crefasi. Compl. ¶ 4.

In approximately September 2022, Care from the Heart engaged a professional bookkeeper referral service, Admiin, Inc. aka Paro, Inc. ("Paro"). *Id*. ¶ 7. Paro referred Care from the Heart to multiple options for bookkeeping services, and Care from the Heart selected CAS and its founder and owner, Crefasi. *Id*. On September 7, 2022, the parties entered into a Statement of Work that laid out the terms of their professional engagement. *Id*. ¶ 8.

Care from the Heart alleges that within months, CAS's performance of bookkeeping services fell below professional standards, which caused Plaintiff financial damage, damage to its business reputation, and tax concerns. *Id*. ¶ 9. Care from the Heart terminated the relationship with CAS and Crefasi on July 28, 2023. *Id*. ¶ 16.

Care from the Heart sued Defendants in the Superior Court of Santa Cruz County on June 28, 2024. *Id*., 1. On September 26, 2024, Defendants removed the state civil action to the Northern District of California based on diversity of citizenship pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441(a). ECF No. 1.

Defendants now move to transfer this action to the Middle District of Louisiana pursuant to 28 U.SC. § 1390 *et seq*., arguing that Louisiana law will apply in this matter, the Middle District of Louisiana is more familiar with Louisiana law, and Louisiana has a local interest in the action. Defs' Mot. to Transfer, 4-5, ECF No. 6. Care from the Heart opposes these arguments and disputes that Louisiana law will apply to this case. They also assert that their chosen forum should be given weight, and the Northern District of California is more convenient for the witnesses in their case. Pl.'s Opp. to Defs' Mot. to Transfer, 6-7, ECF No. 16.

**II.     LEGAL DISCUSSION**

If a case is brought in an improper venue, the district court in which it was filed must either dismiss the action, or, if in the interest of justice, transfer the case to any district in which it could have been brought. 28 U.S.C. § 1406(a). Additionally, even if venue is proper, if it is in the interest of justice, and if the convenience of the parties and witnesses weighs in favor, a district

court may transfer a case to any district in which it could have been brought. 28 U.S.C. § 1404(a). Defendants argue that the Court must transfer the case, or, in the alternative, should transfer in the interest of justice and for the convenience of the parties and witnesses.

### A. Venue in the Northern District of California is Proper

The parties dispute whether venue is proper in this district. Defendants first argue that this Court must transfer the case pursuant to 28 U.S.C. § 1406(a) because the Northern District of California is not the proper venue.

Venue is addressed by statute:

> (b) Venue in general. A civil action may be brought in:
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . . .

28 U.S.C. § 1391(b). Defendants assert they are not residents of California pursuant to subsection 28 U.S.C. § 1391(b)(1). Defs' Mot. to Transfer, 2. Care from the Heart does not oppose this point. Pl.'s Opp. to Defs' Mot. to Transfer, 4-5.

Next, the parties each argue that a substantial part of the events or omissions giving rise to the claim occurred in their preferred districts. 28 U.S.C. § 1391(b)(2). To meet this threshold, a party need not establish that all or the majority of the events or omissions took place in the district, and venue may be appropriate in more than one district. *Schultz v. Harry S. Truman Scholarship Found.*, No. 20-CV-04058-MMC, 2022 WL 3691663, at *3 (N.D. Cal. Aug. 25, 2022). "[V]enue may be proper in multiple districts if a 'substantial part' of the underlying events took place in each of those districts." *Tech. Credit Corp. v. N.J. Christian Acad., Inc.*, 307 F. Supp.3d 993, 1002 (N.D. Cal. 2018) (citing *Richmond Techs., Inc. v. Aumtech Bus. Solutions*, No. 11-cv-02460-LHK, 2011 WL 2607158, at *10 (N.D. Cal., July 1, 2011)).

The Court finds that both venues submitted by the parties are proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the underlying events took place in both jurisdictions. Crefasi, operating as the owner of CAS, performed the relevant bookkeeping services while

1  physically located in Baton Rouge, Louisiana, where the Middle District of Louisiana is located.
2  Crefasi Decl. ¶¶ 4,5.  Care from the Heart benefitted from, paid for, and communicated about
3  CAS's bookkeeping services from Soquel, California, where this district is located.  Tucker Decl.
4  ¶¶ 7, 10.  Accordingly, because venue is proper in this district, as well as in the Middle District of
5  Louisiana, Defendants' assertion that the Court must transfer this action is incorrect.

### B.  Convenience and Interest of Justice Do Not Weigh in Favor of Transfer

Even where venue is proper, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).  The purpose of Section 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense."  *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964) (internal citations and quotation omitted).  A motion for transfer lies within the broad discretion of the district court and must be determined on a case-by-case basis.  *See Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498-99 (9th Cir. 2000).  The moving party has the burden of showing that the case could have been brought in the transferee district and that convenience and fairness warrant transfer.  *Id.*; *Vu v. Ortho-McNeil Pharmaceutical, Inc.*, 602 F. Supp. 2d 1151, 1155-56 (N.D. Cal. 2009).

As a threshold matter, the Court finds that this case could have been brought in the Middle District of Louisiana because that district has subject matter jurisdiction over this diversity action and has personal jurisdiction over Defendants, who are Louisiana residents.  Additionally, in an action where jurisdiction is founded on diversity of citizenship, venue is generally proper in a district where any defendant resides.  28 U.S.C. § 1391(b)(1).

The Court turns to whether convenience and fairness warrant transfer in this case.  Courts in this District have regularly considered the following factors when deciding whether to transfer a case under 28 U.S.C. § 1404(a): "(1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum." *Doe v. Epic*

*Games, Inc.*, 435 F.Supp.3d 1024, 1040 (N.D. Cal. 2020); *see also Barnes & Noble, Inc. v. LSI Corp.*, 823 F. Supp. 2d 980, 993 (N.D. Cal. 2011); *Vu*, 602 F. Supp. 2d at 1156. None of these factors are singularly dispositive in the analysis. While "a district court has broad discretion to adjudicate motions for transfer on a case-by-case basis," *Ctr. for Biological Diversity v. Kempthorne*, No. 08-1339, 2008 WL 4543043 (N.D. Cal. Oct. 10, 2008), "[t]he burden is on the party seeking transfer to show that when these factors are applied, the balance of convenience clearly favors transfer." *Lax v. Toyota Motor Corp.*, 65 F.Supp.3d 772, 776 (N.D. Cal. 2014) (citing *Commodity Futures Trading Comm'n v. Savage*, 611 F. 2d 270, 279 (9th Cir. 1979)).

### 1. Plaintiff's Choice of Forum

Care from the Heart's choice of forum weighs against transfer. Courts generally accord substantial weight to the plaintiff's choice of venue when the plaintiff is a resident in the chosen forum. *Johnson v. Ford Motor Co.*, No. 23-CV-01375-PCP, 2023 WL 8654930, at *5 (N.D. Cal. Dec. 14, 2023). Here, Care from the Heart filed its complaint in Superior Court in Santa Cruz County, where Care from the Heart ran their business, made sales, served customers, and communicated with Crefasi and CAS. Tucker Decl. ¶¶ 4,7, 10. Defendants removed to this District, which includes Santa Cruz County. ECF No. 1. Care from the Heart's choice of original forum, now removed to federal court, is connected to the subject matter of the dispute and is therefore a factor weighing against transfer.

### 2. Convenience of the Parties

Convenience to the parties is a neutral factor. Care from the Heart is based in the Northern District of California, and it contends that all events connected to their claims, as well as the impact of the alleged harm, took place in this District. Tucker Decl. ¶¶ 7, 10-12. CAS and Crefasi are based in the Middle District of Louisiana, and they argue that all services relevant to the claims were performed there. Crefasi Decl. ¶¶ 5,6. Each party asserts it has no relationship with the other's party's preferred forum other than engaging in the business relationship that is the subject of this litigation. *Id.*; Tucker Decl. ¶¶ 4,5. Either Plaintiff or Defendants will be required to travel a significant distance depending on the chosen venue.

### 3.  Convenience of the Witnesses

The convenience of potential witnesses is an important factor in ruling on a motion to transfer.  *Grossman v. Johnson & Johnson*, No. 14-CV-03557-VC, 2015 WL 1743116, at *1 (N.D. Cal. Apr. 13, 2015).  When "establishing inconvenience to witnesses, the moving party must name the witnesses, state their location, and explain their testimony and its relevance." *Hendricks v. StarKist Co.*, No. 13-CV-729 YGR, 2014 WL 1245880, at *3 (N.D. Cal. Mar. 25, 2014) (quoting *Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*, 472 F. Supp. 2d 1183, 1193 (S.D. Cal. 2007)).  Here, neither party provides specific information on the identity or number of witnesses to be called.  Therefore, this factor is neutral.

### 4.  Access to Evidence

Relevant evidence held by the parties is likely located on computers and in electronic communications, all of which are accessible from either district.  *See Epic Games*, 435 F.Supp.3d at 1042; *Simpson Strong-Tie Co., Inc. v. Oz-Post Int'l, LLC*, 2018 WL 3956430, at *8 (N.D. Cal. Aug. 17, 2018) ("[I]n the age of electronically stored information, the ease of access to evidence is neutral because much of the evidence in this case will be electronic documents, which are relatively easy to obtain in any district.") (internal citation and quotation marks omitted).  This factor is also neutral.

### 5.  Familiarity of Each Forum with Applicable Law

Care from the Heart brings eight claims, the majority of which relate closely to the contractual obligations contained in the Statement of Work or relate to standards of professional conduct for bookkeepers.  Compl., ¶¶ 19-79.  Plaintiff's final claim is brought under the California Business and Professions Code § 17200, et seq.

The parties do not contest that the Statement of Work is the "operative agreement governing the Plaintiff and Defendants' relationship." Compl., ¶ 8.  The Statement of Work contains a choice of law provision that reads in part, "[t]hese SOW Terms shall be governed by the laws of the jurisdiction in which Talent provides the Financial Services." Crefasi Decl., Ex. A, ¶ 8.  The Statement of Work identifies Crefasi as the "Talent." *Id.*, Ex. A, 1.  The parties dispute whether the clause requires California or Louisiana law to apply, each arguing that the services

were "provide[d]" in their preferred venues. Pl.'s Opp. to Defs' Mot. to Transfer, 8; Defs' Mot. to Transfer, 4-5.

"Federal courts have equal ability to address claims arising out of state law," *Bloom v. Express Servs. Inc.*, No. C-11-00009-CRB, 2011 WL 1481402, at *5 (N.D. Cal. Apr. 19, 2011), and courts in this district have found that "this factor is to be accorded little weight," *Rabinowitz v. Samsung Elecs. Am. Inc.*, No. 14-CV-801, 2014 WL 5422576, at *7 (N.D. Cal. Oct. 10, 2014). Even if Louisiana law applies to the claims arising under the Statement of Work, which are the predominant claims raised by Plaintiff in this case, this District will be as capable of addressing the claims as the Middle District of Louisiana. For this reason, this factor is neutral.

### 6. Additional Factors

Both districts are equally interested in this controversy. The Middle District of Louisiana has as much of an interest in regulating the conduct of one of its companies as the Northern District of California does in protecting the interests of one of its resident companies. The parties do not raise arguments regarding relative court congestion, or other concerns that would further tilt the venue scale in either location. This is another neutral factor.

### III. CONCLUSION

The majority of the Section 1404(a) factors are neutral, and Plaintiff's choice of forum leans toward the case remaining with this Court. Defendants have not met their burden to show that the balance of convenience and the interest of justice factors clearly favor transfer.

The motion to transfer is DENIED.

**IT IS SO ORDERED.**

Dated: March 21, 2025

Noël Wise
United States District Judge